Dykman, J.
This is an action for partition of a farm of land in Dutchess county. Both parties claim under the last will and testament of Stephen D. Marshall, deceased, and the provisions of that instrument which control the question involved are as follows :
“First. I hereby give and bequeath to my beloved wife Phebe Marshall the farm on which I now reside, to occupy and pos’séss'during her natural life, and at the death of my said wife, I give and bequeath the use and occupancy of the said farm to my daughter Perlina Frost, for her to possess during the lifetime of my said daughter Perlina Frost; and at the death of my said daughter Perlina Frost, I give and bequeath the said farm to all her children in equal shares, share and share alike. * * *
My further will and direction is that if either of the children of my said daughter Perlina Frost shall die under age and without having lawful issue, then their part or portion of my estate shall be given to the survivor or survivors of them, share and share alike; but if any of them shall so die and leave a child or children them surviving, I then direct that their part or portion of my estate shall descend to such child or children.”
The position of these parties in relation to the land in suit is this : The testator left surviving him his wife Phebe Marshall, his daughter Perlina Frost and her two children, Emily and Amelia. Amelia married the plaintiff and had two children, Elvirina and Arthur C. Elvirina died August 31, 1875, a childless minor, intestate, and her mother Amelia died September 13, 1875, intestate, leaving her son Arthur C., and her husband, the plaintiff in this action, her survivors.
Arthur 0. died June 7, 1880, childless and intestate, and leaving his father, the plaintiff here, his sole heir at law.
Emily Frost married Everett Conover, and she is the defendant in this action, and claims to be the sole, owner of .the premises in question.
It is the claim of the plaintiff, on the contrary, that each of the grandchildren took a vested remainder in fee of the *695 farm of land, subject to be divested by their death under age and without issue.
In other words, his position and claim is, that if either of the children of Perlina Frost had died under age and without issue, then her portion would have passed to the survivor; but as one of the children died, leaving a child surviving, her portion, which was one-half of the estate, •descended to such child.
Our examination leads us to coincide with this view. Remainders are never to be made contingent by construction when they can be taken to be vested.
The wife of the plaintiff survived her majority and left a lawful heir at her death, and so the contingency by which the defendant could grasp and hold the entire farm never came to pass.
The judgment should be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.